———————o———————

## No. 3830.

### (Court of Appeal, Parish of Orleans.)

## IN RE. THOS. J. MORAN PAYING FOR A WRIT, ETC.

J. Zach Spearing, for Plaintiff and Appellant.

L. DePoorter, E. C. Kelly, R. E. Foster, Dinkelspiel, Hart & Davey, for Defendant and Appellee.

ESTOPINAL J.   In this cause the question has arisen as to whether this Court or the Supreme Court has appellate jurisdiction herein, rationae materia, concerning which question the instructions of the Supreme Court is desired, therefore the question has been certified.

April 6, 1908.

1. The test of jurisdiction of the appellate Court is the value of the property at the time of the institution of the suit, and the advancement or encroachment of the value of the property subsequently will not divest or affect the Court's jurisdiction with which it was originally seized.
2. Where a person and his authors have been in possession of property for more than ten years under a title translative of property, his title and those of the vendees under him must be maintained.

ESTOPINAL, J.   The facts of this case are fully and sufficiently stated in the original opinion handed down on the 9th day of November, 1903, and in our opinion on rehearing handed down March 24th, 1904.   (See Court of Appeal, Report Vol. 1, p. 18 and Ibid. 118.)

·Our original decree affirmed the judgment appealed from which maintained and perpetuated the injunction herein·sued out by A. S. Guitterez, joined in intervention by William H. Holden and Charles Quillan.

Subsequently on the application of the appellant, Moran, we

321

granted a rehearing in the cause, and on the rehearing thereof one of the appellees, A. S. Guitterez, filed in this Court the peremptory exception of ten years' prescription to appellant's action.

Without disturbing the views expressed by us in our original opinion, our decree on rehearing was that the cause be remanded:

1st—"For proof that the Sulowkosky map is the official and only official map, and so held by the government."

2nd—"For such proof to be made, as within the discretion of the Court of first instance, may be admissible, to sustain the plea of ten years prescription."

The remanding was specifically confined and restricted to these grounds.

On hearing below under this remanding, evidence was administered pro and con on these grounds, and judgment being again rendered in favor of the plaintiff and intervenors in injunction, and against the said Moran, the latter prosecutes this appeal.

In this Court the suggestion was made by the counsel for appellees, that this Court was without jurisdiction ratione materiae for as much that the property involved in this litigation exceeds in value the highest jurisdictional limit of this Court.

It is not disputed that at the time of the institution of this suit the actual value of this property was less than $2000.00. It may be that by reason of the general advancement of values of real property in the City of New Orleans, since that time, the property may be worth many times more than its then value, but jurisdiction is to be determined not by the present value of the property, but its value at the time the suit was instituted.

Now, directing our attention to the consideration of the two questions which we are called upon to consider under our decree remanding the case, the one which demands primary consideration is the plea of prescription, for if that plea is well founded, appellee's title to the property must be held valid and no inquiry need be made as to whether the Sulowkosky map "is the official and only official map, and so held by the government," although we do not hesitate to say that the evidence satisfies us that the Sulowkosky survey as evidenced by what is known as to the Sulowkosky map, was the official survey of Township 12 and 13, South Range 11 East, involving the Livaudais tract, and that it was the only official survey of that property.

The evidence by which it is sought to discredit it was records of suits and private writings and testimony in other suits in which

none of the parties hereto were concerned or parties therein or thereto. The objection to their reception in evidence should have been sustained.

On the plea of prescription it is shown that Stark acquired the property from the State of Louisiana on the 12th day of November, 1889, and was duly sent into possession thereof by virtue of a judgment of Court on the 5th day of December of the same year, and that he at once took actual possession of the property, rented it to Jack Morrere, who, during that year or the year following, the exact date not being definitely fixed, fenced in the entire property with a wire fence, using and employing it as a dairy and paying rent to Stark.

On the 11th day of November, 1892, Guitterez acquired the property from Stark by conventional sale, and Guitterez and the vendee under him of certain portion of the property, have remained in possession since.

Moran's suit was filed on the 10th of July, 1902. More than ten years after Stark's acquisition and actual possession of the property.

Guitterez and his authors having therefore been in possession of the property for more than ten years under a title translative of property (C. C.,) his title and those of the vendees under him must be maintained.

This the judgment appealed from does, and for the reasons originally assigned by us as well as for those above stated, the judgment is affirmed.

June 22, 1908.

Rehearing refused June 30, 1908.

Writ denied by Supreme Court, Aug. 18, 1908.

---o---

No. 4502.